FTB:TBM
F. #2023R00084

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -                                    23 CR 510 (S-1) (DC)

JORDAN ALSTON,
        also known as "Skiito,"

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## MEMORANDUM OF LAW IN SUPPORT OF
## THE GOVERNMENT'S MOTIONS IN LIMINE

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Tara B. McGrath
Assistant U.S. Attorney
    (Of Counsel)

## TABLE OF CONTENTS

PRELIMINARY STATEMENT                                                          1

RELEVANT BACKGROUND                                                           2

ARGUMENT                                                                       4

    I.     The Defendant's Out-of-Court Statements Are Admissible for Their Truth When Offered By the Government and Inadmissible When Offered by the Defendant ................... 4

    II.    Evidence the Defendant Was on Probation When the Ammunition Was Found is Admissible ........................................................................................................... 8

    III.   Evidence of the Defendant's Demonstrated Access to Firearms & Ammunition Is Admissible ........................................................................................................... 11

    IV.   The Defendant Should be Precluded from Offering Evidence or Argument Concerning the Government's Charging Decisions ............................................. 16

CONCLUSION                                                                     18

TABLE OF AUTHORITIES

Page(s)

Cases

Minaya v. United States,
   140 S. Ct. 463 ........................................................................................................... 12

Old Chief v. United States,
   519 U.S. 172 (1997) ........................................................................................... 8, 9, 15

Phoenix Assocs. III v. Stone,
   60 F.3d 95 (2d Cir. 1995) ........................................................................................... 5

Town of Newton v. Rumery,
   480 U.S. 386 (1987) .................................................................................................. 16

United States v. Al-Moayad,
   545 F.3d 139 (2d Cir. 2008) ...................................................................................... 8

United States v. Andreadis,
   366 F.2d 423 (2d Cir. 1966) ...................................................................................... 6

United States v. Arroyo,
   600 F. App'x 11 (2d Cir. 2015) ............................................................................... 14

United States v. Bailey,
   800 F. App'x 35 (2d Cir. 2020) ........................................................................... 12, 13

United States v. Barret,
   677 F. App'x 21 (2d Cir. 2017) ........................................................................... 12, 14

United States v. Barris,
   377 F. App'x 93 (2d Cir. 2010) ........................................................................... 12, 13

United States v. Bermudez,
   529 F.3d 158 (2d Cir. 2008) .................................................................................. 8, 9

United States v. Chevere,
   368 F.3d 120 (2d Cir. 2004) .................................................................................... 15

United States v. Farnsworth,
   729 F.2d 1158 (8th Cir. 1984) ................................................................................. 14

United States v. Fawwaz,
   691 F. App'x 676 (2d Cir. 2017) ............................................................................... 5

United States v. Frederick,
    702 F. Supp. 2d 32 (E.D.N.Y. 2009) ........................................................ 6

United States v. Gelzer,
    50 F.3d 1133 (2d Cir. 1995)..................................................................... 8

United States v. Gilliam,
    994 F.2d 97 (2d Cir. 1993)..................................................................... 15

United States v. Gonzalez,
    399 F. App'x 641 (2d Cir. 2010) .......................................................... 5, 7

United States v. Hill,
    658 F. App'x 600 (2d Cir. 2016) ............................................................ 5

United States v. Hill,
    No. 12-CR-214 (KAM), 2014 WL 198813 (E.D.N.Y. Jan. 14, 2014) ................... 16

United States v. Jackson,
    180 F.3d 55 (2d Cir. 1999)..................................................................... 5

United States v. Jackson,
    No. 19-CR-356 (ARR), 2020 WL 7060141 (E.D.N.Y. Dec. 2, 2020) ............ 12, 13

United States v. Johnson,
    507 F.3d 793 (2d. Cir. 2007)................................................................... 5

United States v. LaFlam,
    369 F.3d 153 (2d Cir. 2004)................................................................... 11

United States v. Marin,
    669 F.2d 73 (2d Cir. 1982)..................................................................... 4

United States v. McDaniel,
    398 F.3d 540 (6th Cir. 2005) ................................................................. 5

United States v. Mercado,
    573 F.3d 138 (2d Cir. 2009).................................................................. 13

United States v. Paulino,
    445 F.3d 211 (2d Cir. 2006)...................................................... 11, 12, 15

United States v. Quattrone,
    441 F.3d 153 (2d Cir. 2006)................................................................. 8, 9

United States v. Ramsey,
    No. 21-CR-495 (ARR), 2023 WL 2523193 (E.D.N.Y. Mar. 15, 2023) ................. 16

United States v. Rodriguez,
    761 F. App'x 53 (2d Cir. 2019) ......................................................... 12

United States v. Roldan-Zapata,
    916 F.2d 795 (2d Cir. 1990)........................................................ 11, 15

United States v. Russo,
    302 F.3d 37 (2d Cir. 2002)................................................................. 4

United States v. Sepulveda,
    15 F.3d 1161 (1st Cir. 1993) ........................................................... 17

United States v. Slaughter,
    248 F. App'x 210 (2d Cir. 2007) ................................................ 12, 15

United States v. Taylor,
    767 F. Supp. 2d 428 (S.D.N.Y. 2010).............................................. 12

United States v. Terry,
    702 F.2d 299 (2d Cir. 1983)............................................................... 6

United States v. Thomas,
    116 F.3d 606 (2d Cir. 1997)............................................................. 17

United States v. Walker,
    974 F.3d 193 (2d Cir. 2020).............................................................. 14

United States v. White,
    692 F.3d 235 (2d. Cir. 2012)............................................................ 16

United States v. Williams,
    526 F. App'x 29 (2d Cir. 2013) ............................... 10, 12, 13, 15

United States v. Yousef,
    327 F.3d 56 (2d Cir. 2003)............................................................ 4, 6

United States v. Zappola,
    677 F.2d 264 (2d Cir. 1982)..................................................... 12, 15

Wayte v. United States,
    470 U.S. 598 (1985)......................................................................... 16

Statutes

18 U.S.C. § 922(g)(1) ....................................................................... 2, 3

18 U.S.C. § 1791(a)(2).......................................................................... 3

Rules

Fed. R. Evid. 401 ................................................................................................. 8, 16

Fed. R. Evid. 403 ................................................................................................. 8, 16

Fed. R. Evid. 404 ............................................................................................. passim

Fed. R. Evid. 701 ..................................................................................................... 14

Fed. R. Evid. 801(d)(2)(A) .................................................................................. 4, 6

<u>PRELIMINARY STATEMENT</u>

The government respectfully moves the Court for <u>in limine</u> rulings that: (1) the defendant's out-of-court statements are admissible for their truth when offered by the government, and inadmissible when offered by the defendant; (2) the fact the defendant was on probation at the time the ammunition was recovered from his residence is admissible, as necessary context and to avoid confusing the jury; (3) the defendant's other acts—including his prior felony conviction for Criminal Possession of a Firearm—are admissible under Federal Rule of Evidence ("Rule") 404(b) to show knowledge, opportunity, lack of mistake, and access to such weapons; and (4) argument concerning the government's charging decisions are inadmissible (collectively, the "Government's Motion").    The government also opposes the defendant's motions <u>in limine</u> ("Defendant's Motion") seeking to preclude the government from introducing evidence of the defendant's conviction for Criminal Possession of a Firearm and the fact that the defendant was on probation at the time ammunition was found in his residence. <u>See</u> ECF No. 66 ("Def. Mem.").[1]

For the reasons set forth below, the government respectfully submits that the Court should grant the Government's Motion in its entirety and deny the Defendant's Motion.

---

[1]    The defendant also moves to preclude the government from introducing evidence of his gang affiliation.   <u>See</u> Def. Mem. at 2-3.   Because the government does not intend to introduce such evidence, that issue is moot.

RELEVANT BACKGROUND

On June 18, 2020, at approximately 2:00 a.m., the defendant fired a firearm while outside a housing complex in Red Hook, Brooklyn, known as the Red Hook Houses (the "Shooting").   Video surveillance depicts the defendant firing the firearm.   One 9mm caliber cartridge casing was recovered from the vicinity of where the defendant fired.

Throughout 2020, YouTube videos were posted by the user "Skiito," the defendant's self-proclaimed alias.   Several of the videos depict the defendant and others around him brandishing what appear to be firearms.

Then, on February 4, 2021, the defendant possessed on his person a loaded pistol with 12 rounds of ammunition (the "Loaded Pistol") in Brooklyn, New York.   For this conduct, on May 20, 2022, the defendant was convicted of Criminal Possession of a Firearm, in violation of New York Penal Law 265.01, a felony.   On September 23, 2022, he was sentenced to three years' probation.   The defendant reported to the New York City Department of Probation ("Probation") that he lived at 129 Lorraine Street, Apartment 2A (the "Apartment")—a studio apartment in the Red Hook Houses.

On November 16, 2023, Probation conducted a home visit at the Apartment.   The defendant was home, alone.   On the floor underneath a futon—the only sleeping surface— Probation discovered a .380 caliber live cartridge.   Also in the Apartment were paint and tools associated with "Kartel" clothing.

On November 17, 2023, the defendant was charged by complaint with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1).   ECF No. 1.   The same day, he was arraigned and released on bond.   ECF No. 6.   On December 11, 2023, the defendant was indicted on the same charge and continued on bond.   ECF Nos. 10-11.   On May 20, 2025, the

2

defendant's bond was revoked after he refused to comply with the supervision of Pretrial Services, and since then he has been detained at the Metropolitan Detention Center ("MDC").  See Minute Entry dated May 20, 2025.

On May 31, 2025, during a search of the defendant's cell at the MDC, the defendant appeared to be concealing something in his waistband.   A Bureau of Prisons ("BOP") Correctional Officer conducted a pat-down and retrieved a makeshift knife (the "Knife") from the waistband of the defendant's boxers.   The Knife was approximately 8 inches long, had been sharpened to a point at one end, and was wrapped in brown cloth at the other.

On June 25, 2025, a grand jury returned a superseding indictment ("Indictment") charging the defendant with being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) in Count One, and possessing an object intended to be used as a weapon in prison in violation of 18 U.S.C. § 1791(a)(2) in Count Two.   ECF No. 60.

<u>ARGUMENT</u>

I.    <u>The Defendant's Out-of-Court Statements Are Admissible for Their Truth When Offered By the Government and Inadmissible When Offered by the Defendant</u>

The government should be allowed to offer, in its case-in-chief, relevant statements by the defendant pursuant to Rule 801(d)(2)(A)—including his statements to Probation—and the defendant should be precluded from introducing his own statements as impermissible hearsay.

1.    <u>Applicable Law</u>

Out-of-court statements made by a defendant are not hearsay when introduced by the government in a criminal trial to prove the truth of the facts stated therein because they are admissions of an adverse party.   <u>See</u> Fed. R. Evid. 801(d)(2)(A) (establishing that a statement offered against an opposing party that "was made by the party in an individual or representative capacity" is not hearsay); <u>United States v. Russo</u>, 302 F.3d 37, 43 (2d Cir. 2002) ("Statements made by the defendant may be introduced by the government in a criminal trial to prove the truth of the facts stated in them because they are admissions of an adverse party." (citation omitted)).

However, the same statements, if offered by the defendant to prove their truth, <u>would</u> constitute hearsay and are thus ordinarily inadmissible.   <u>United States v. Marin</u>, 669 F.2d 73, 84 (2d Cir. 1982) ("When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible."); <u>see</u> <u>United States v. Yousef</u>, 327 F.3d 56, 153 (2d Cir. 2003) ("[W]hile the Government was free to introduce the statement as an admission by a party-opponent, [the defendant] had no right to introduce it on his own."). As the Sixth Circuit explained, were the law otherwise, a defendant "could effectuate an end-run around the adversarial process by, in effect, testifying without swearing an oath, facing cross-

4

examination, or being subjected to first-hand scrutiny by the jury." United States v. McDaniel, 398 F.3d 540, 545 (6th Cir. 2005).

A limited exception is created by Rule 106, the rule of completeness, which permits a defendant to introduce otherwise inadmissible hearsay statements only where he can show those statements are "essential to explain an already admitted [statement], to place the admitted [statement] in context, or to avoid misleading the trier of fact." Phoenix Assocs. III v. Stone, 60 F.3d 95, 102 (2d Cir. 1995) (internal quotation marks and citations omitted). Accordingly, the Second Circuit has affirmed the exclusion of hearsay statements offered by a defendant that were unnecessary to explain or appropriately contextualize an already admitted statement. See United States v. Fawwaz, 691 F. App'x 676, 678 (2d Cir. 2017) (affirming district court's refusal to admit statements under rule of completeness where "admitted statements [were] independent of the omitted statements"); United States v. Hill, 658 F. App'x 600, 605 (2d Cir. 2016) (affirming district court's parsing of defendant's recorded statement to admit discrete inculpatory statements and exclude other self-serving statements that he was "innocent"); United States v. Gonzalez, 399 F. App'x 641, 645 (2d Cir. 2010) (affirming exclusion of portion of defendant's statement where admitted portion did not distort the meaning of the full statement); United States v. Johnson, 507 F.3d 793, 796 (2d. Cir. 2007) (same); United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999) (rejecting claim that later portions of conversation provided relevant context and noting that "the portions of the tape proffered by [defendant] consisted largely of [his] own self-serving statements, which, as offered by him, are inadmissible hearsay").

2.      Summary of The Defendant's Statements to Be Admitted

        The government expects to introduce statements of the defendant in its case-in-chief through witness testimony and certified court transcripts.   Among other things, the government expects to introduce the following:

- The defendant's admission during his state guilty plea that he possessed a pistol in February 2021.

- The defendant's statements to Probation that he lived at the Apartment and made clothes under the brand name "Kartel."

- The defendant's statements during his arraignment on the federal complaint that he would resume living at the Apartment.

Together, those statements are evidence of the defendant's access to ammunition and his ownership and control over the location where the ammunition was found.   Because they are offered against a party-opponent, they are admissible for their truth.   See Fed. R. Evid. 801(d)(2)(A); Yousef, 324 F.3d at 153.   Nor would their admission unfairly prejudice the defendant.   See United States v. Andreadis, 366 F.2d 423, 433 (2d Cir. 1966) (affirming admissibility of state court guilty plea); United States v. Frederick, 702 F. Supp. 2d 32, 36-37 (E.D.N.Y. 2009) (admitting evidence of state court guilty plea and noting that where there is no constitutional defect with the plea, "there are no grounds for excluding a prior state court plea under Rule 403").

        By contrast, the defendant should be precluded from introducing his own statements at trial, beyond the limited exception provided by the rule of completeness.   This would include the defendant's false exculpatory statements to the arresting officers disavowing knowledge of the ammunition.   See, e.g., United States v. Terry, 702 F.2d 299, 314 (2d Cir.

6

1983) (noting "Rule 106 does not render admissible evidence that is otherwise inadmissible");

<u>Gonzalez</u>, 399 F. App'x at 645 (noting that the rule of completeness cannot be used as a

"mechanism to bypass hearsay rules").   Before trial, the government will more specifically

identify which of the defendant's written statements it intends to introduce at trial, so he may

cross-designate portions he seeks to introduce under the rule of completeness.

II.    Evidence the Defendant Was on Probation When the Ammunition Was Found is
Admissible

The government should further be allowed to introduce evidence that the

defendant was on probation at the time the ammunition was recovered from the Apartment, as

necessary context and to establish witness credibility, and to avoid confusing the jury.

1.    Applicable Law

Relevant evidence is that having "any tendency" to make the existence of any fact

of consequence to the determination of the action "more or less probable," Fed. R. Evid. 401, a

"very low standard," United States v. Al-Moayad, 545 F.3d 139, 176 (2d Cir. 2008).   Evidence

may be relevant because it tends to corroborate witness testimony.   See United States v.

Bermudez, 529 F.3d 158, 162 (2d Cir. 2008) (finding drug evidence relevant because it was

"[c]ritical to the credibility of the officers' account," to explain "why they chose to watch [the

defendant] so closely" before they saw him with a firearm); cf. United States v. Quattrone, 441

F.3d 153, 188 (2d Cir. 2006) ("[S]o long as a chain of inferences leads the trier of fact to

conclude that the proffered submission affects the mix of material information, the evidence

cannot be excluded at the threshold relevance inquiry.").   In analyzing the admissibility of

evidence, trial courts should make their determination "with an appreciation of the offering

party's need for evidentiary richness and narrative integrity in presenting a case."   Old Chief v.

United States, 519 U.S. 172, 183 (1997).

Under Rule 403, otherwise admissible evidence may be excluded only where its

"probative value is substantially outweighed by a danger of [inter alia] . . . unfair prejudice,

confusing the issues, [or] misleading the jury."   Fed. R. Evid. 403.   That evidence is probative

of guilt does not make it unfairly prejudicial.   United States v. Gelzer, 50 F.3d 1133, 1139 (2d

Cir. 1995).   Rather, evidence is unfairly prejudicial "only when it tends to have some adverse

effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence." Quattrone, 441 F.3d at 186 (internal quotation marks and citation omitted); see Old Chief, 519 U.S. at 180 ("The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.").

    2.    <u>Discussion</u>

        The government should be permitted to introduce evidence that the defendant was on probation at the time the ammunition was recovered from the Apartment because, contrary to the defendant's claim, that detail is highly relevant. See Def. Mem. at 4. First, an officer with Probation will testify concerning the recovery of the ammunition. That witness is entitled to explain their employment history and experience, so that the jury may appropriately evaluate his or her credibility, and it will thus be readily apparent that it was a Probation officer who recovered the ammunition. Second, that witness will need to explain why he or she was in the Apartment at all to avoid jury confusion and speculation. See Bermudez, 529 F.3d at 162 (finding evidence relevant because it was critical to the officers' account of why they had been watching the defendant when they saw him with a firearm). Finally, that witness will testify as to the defendant's admissions that he lived in the Apartment, which is highly relevant to the defendant's dominion and control over the location the ammunition was found, and thus possession of the ammunition. See Quattrone, 441 F.3d at 188 (finding evidence relevant where, through a chain of inferences, it affects the mix of material information). That the

defendant made those admissions to Probation, an agency charged by the court to supervise him, as opposed to, for example, a lay person, is relevant to the truth of those statements.

Nor is the evidence unfairly prejudicial, where the jury will necessarily know that the defendant had been convicted of a felony, from which jurors will understand some form of post-conviction supervision is a natural consequence.   Cf. United States v. Williams, 526 F. App'x 29, 35 (2d Cir. 2013) (finding "very little risk of unfair prejudice" in the introduction of evidence of the defendant's prior conviction, where the jury "already knew of his status as a felon").   Accordingly, the Court should deny the Defendant's Motion and admit evidence that the defendant was on probation at the time the ammunition was recovered.

III.    Evidence of the Defendant's Demonstrated Access to Firearms & Ammunition Is Admissible

The Court should admit evidence that (1) in June 2020, the defendant fired a firearm during the Shooting in the Red Hook Houses; (2) throughout 2020, YouTube videos were posted depicting the defendant and others alongside him brandishing what appear to be firearms; and (3) in February 2021, the defendant possessed the Loaded Pistol in Brooklyn. Such evidence is admissible under Rule 404(b) to show knowledge, opportunity, lack of mistake, and access to such weapons, highly relevant to the defendant's possession of ammunition as charged in Count One.

1.    Applicable Law

Evidence of uncharged crimes or other acts may be admitted pursuant to Rule 404(b) for non-propensity purposes, including to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."    Fed. R. Evid. 404(b)(2). The Second Circuit has adopted an "'inclusionary' approach" to 404(b) evidence, "which allows such evidence to be admitted for any purpose other than to demonstrate criminal propensity." United States v. LaFlam, 369 F.3d 153, 156 (2d Cir. 2004) (citation omitted).

Other act evidence is subject to the balancing test of Rule 403.    Such evidence should not be excluded under Rule 403 where the evidence does not "involve conduct more inflammatory than the charged crime."    United States v. Paulino, 445 F.3d 211, 223 (2d Cir. 2006) (affirming admissibility of prior crack cocaine conviction to prove defendant's "knowing and intentional constructive possession of the cocaine in his closet"); United States v. Roldan-Zapata, 916 F.2d 795, 804 (2d Cir. 1990) (noting Rule 404(b) evidence was not unfairly prejudicial under Rule 403 where it "did not involve conduct any more sensational or disturbing than the [charged] crimes").    Even where there is a risk of prejudice, such risk can be mitigated

11

effectively by a cautionary instruction limiting the jury's consideration of the evidence to the purposes for which it is offered.   See Paulino, 445 F.3d at 223.

The Second Circuit "has regularly affirmed the admission of firearms possession to establish that the defendant had the opportunity to access firearms."   United States v. Bailey, 800 F. App'x 35, 37 (2d Cir. 2020); see, e.g., United States v. Rodriguez, 761 F. App'x 53, 59 (2d Cir. 2019) (affirming admissibility of evidence defendant previously obtained a gun to prove the defendant's "access to guns"), vacated on other grounds sub nom. Minaya v. United States, 140 S. Ct. 463; United States v. Barret, 677 F. App'x 21, 24 (2d Cir. 2017) (affirming admissibility of defendants' prior firearm convictions as relevant to absence of mistake and access to firearms); United States v. Williams, 526 F. App'x 29, 35 (2d Cir. 2013) (affirming admissibility of defendant's prior firearm conviction to show intent and knowledge and to rebut a defense); United States v. Barris, 377 F. App'x 93, 95-96 (2d Cir. 2010) (affirming admissibility of defendant's "prior arrest and conviction for firearms possession" as probative of his firearm possession in furtherance of drug trafficking); United States v. Slaughter, 248 F. App'x 210, 212-13 (2d Cir. 2007) (affirming, in case charging possession of firearm and ammunition, admissibility of "two other episodes in which [defendant] possessed a semiautomatic handgun and matching ammunition," to show opportunity and access); United States v. Zappola, 677 F.2d 264, 270 (2d Cir. 1982) (affirming admissibility of evidence defendant possessed a handgun prior to allegedly firing a handgun as probative of access to such a weapon); see also United States v. Jackson, No. 19-CR-356 (ARR), 2020 WL 7060141, *1-2 (E.D.N.Y. Dec. 2, 2020) (admitting evidence that defendant and co-conspirator previously possessed firearms as "probative of access" in felon-in-possession case); United States v. Taylor, 767 F. Supp. 2d 428, 438 (S.D.N.Y. 2010) ("The Court finds that [defendant's] prior gun possession is directly

relevant to the issue of opportunity and absence of mistake and also admissible to demonstrate [defendant's] ability to access such a weapon."); cf. United States v. Mercado, 573 F.3d 138, 141 (2d Cir. 2009) (affirming admissibility of defendant's prior guns sales, which tended to show that the defendant "was not an innocent pawn taken by surprise" in drug trafficking conspiracy).

Because in felon-in-possession cases the jury will necessarily learn that the defendant has a prior conviction, there is limited risk of unfair prejudice in the jury learning of the nature of that conviction.   See, e.g., Williams, 526 F. App'x at 35 (2d Cir. 2013) (noting "there was very little risk of unfair prejudice to [defendant] in introducing evidence of his [prior] conviction because the jury already knew of his status as a felon"); Barris, 377 F. App'x at 96 (noting prior firearms conviction "was not inflammatory, pejorative, or otherwise unfairly prejudicial" under Rule 403); Jackson, 2020 WL 7060141, at *2 (finding prior firearm possession evidence carried "minimal prejudice" where the jury would already learn the defendant was a felon).   Moreover, an appropriate limiting instruction is sufficiently curative. See Bailey, 800 F. App'x at 37.

2.    Discussion

Evidence of the defendant's prior access to firearms and ammunition is admissible under Rule 404(b) to show the defendant's knowledge, opportunity, lack of mistake, and access to such weapons, as relevant to his possession of the ammunition he is charged with here.   Specifically, the Court should admit evidence that: (1) in June 2020, the defendant was involved in the Shooting in the Red Hook Houses, after which one cartridge casing was recovered; (2) throughout 2020, the defendant appeared in YouTube videos personally brandishing, alongside others brandishing, what appear to be firearms; and (3) in February 2021, the defendant possessed the Loaded Pistol, in which 12 rounds of ammunition were found.   The

13

government intends to introduce evidence of the Shooting through surveillance footage and testimony from a law enforcement witness familiar with the defendant, who spent time observing the defendant, and who can identify the defendant in the footage.[2]

The Shooting and the defendant's possession of the Loaded Pistol demonstrate the defendant's access to both firearms and ammunition.   Additionally, the jury can fairly infer that the firearms depicted in the YouTube videos were also real, and thus further demonstrate the defendant's access to such weapons.   Even assuming the YouTube videos depicted what were simply realistic, model firearms, those videos—which fetishize the possession and brandishing of firearms—nonetheless make it more likely that the defendant in fact possessed the ammunition charged here and thus are relevant as to the defendant's knowledge and absence of mistake.

Admission of this evidence is consistent with longstanding Second Circuit precedent.   See, e.g., Barret, 677 F. App'x at 24 (affirming admissibility of prior firearms

---

[2]    A lay witness may testify regarding an opinion if the opinion is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."   Fed. R. Evid. 701.   "[W]hen an opinion is the result of factors not otherwise possessed by or communicated to the jury, the opinion testimony is likely to be helpful."   United States v. Arroyo, 600 F. App'x 11, 15 (2d Cir. 2015) (citation omitted).   Accordingly, identification testimony is admissible where the witness is better placed than the jury to correctly identify the subject.   See United States v. Walker, 974 F.3d 193, 205 (2d Cir. 2020) (affirming admissibility of probation officer's identification of defendant in video where officer "had spent many hours with [defendant] leading up to the time of the robbery and had the opportunity to observe physical traits such as his gait, which were on display in the surveillance video but not at trial"); Arroyo, 600 F. App'x at 15 (affirming admissibility of superintendent's identification of defendant in video "based on factors that the jury did not possess, namely [the witness's] familiarity with [defendant's] manner of dress, gait, and demeanor observed in [the witness's] several prior encounters with [with defendant]"); accord United States v. Farnsworth, 729 F.2d 1158, 1160 (8th Cir. 1984) ("A witness's opinion concerning the identity of a person depicted in a surveillance photograph is admissible if there is some basis for concluding that the witness is more likely to correctly identify the defendant from the photograph than is the jury.").

14

conviction to show absence of mistake and access); <u>Williams</u>, 526 F. App'x at 35 (same with decade-old firearm conviction to show intent and knowledge and to rebut defense);[3] <u>Slaughter</u>, 248 F. App'x at 212-13 (affirming admissibility of prior firearms and ammunition possession to show opportunity and access); <u>Zappola</u>, 677 F.2d at 270 (same to show access); <u>cf.</u> <u>Paulino</u>, 445 F.3d at 223 (affirming admissibility of prior crack cocaine conviction as probative of defendants' knowledge and constructive possession of the cocaine found in his closet).   Moreover, because the other act evidence is no more inflammatory, sensational, or disturbing than the charged conduct, Rule 403 is not a barrier to its admission into evidence.   <u>See</u> <u>Paulino</u>, 445 F.3d at 223; <u>Roldan-Zapata</u>, 916 F.2d at 804.   And any prejudice can be mitigated by an appropriate limiting instruction.   <u>See</u> <u>Paulino</u>, 445 F.3d at 223.

Finally, the cases on which the defendant relies to preclude evidence of his prior conviction are inapposite.   <u>See</u> Def. Mem. at 3.   None involved the admissibility of prior firearms possession under Rule 404(b), but instead addressed (irrelevant) questions of stipulations in felon-in-possession cases.   <u>See</u> <u>Old Chief</u>, 519 U.S. at 190 (acknowledging, however, that Rule 404(b) allows for the introduction of evidence concerning prior convictions on issues other than the defendant's felony status); <u>United States v. Gilliam</u>, 994 F.2d 97, 103 (2d Cir. 1993) (same); <u>see also</u> <u>United States v. Chevere</u>, 368 F.3d 120, 121-22 (2d Cir. 2004) (per curiam) (finding district court had no discretion to prevent jury from hearing of prior conviction through stipulation).

Thus, the other act evidence should be admitted under Rule 404(b), accompanied by an appropriate limiting instruction.

---

[3]        In <u>Williams</u>, the defendant was charged with possessing a firearm as a convicted felon on or about December 2008.   <u>United States v. Williams</u>, 09-CR-101 (S.DN.Y.), ECF No. 6.   The Second Circuit affirmed the admissibility of his 1997 firearms conviction as probative of his access to firearms.   <u>Williams</u>, 526 F. App'x at 35.

IV.    <u>The Defendant Should be Precluded from Offering Evidence or Argument Concerning the Government's Charging Decisions</u>

The Court should preclude the defendant from offering evidence or argument related to the government's charging decisions—including the government's decision to pursue a prosecution for the defendant's possession of one live cartridge—as irrelevant and unfairly prejudicial.

The Supreme Court has recognized that "the Government retains 'broad discretion' as to whom to prosecute," <u>Wayte v. United States</u>, 470 U.S. 598, 607 (1985) (citation omitted), and that such decisions implicate complex considerations, <u>Town of Newton v. Rumery</u>, 480 U.S. 386, 396 (1987).    Whether the government's charging decisions should be admitted in evidence requires a case-by-case inquiry into the relevance and probative value of the evidence. <u>United States v. White</u>, 692 F.3d 235, 245-46 (2d. Cir. 2012).    However, courts have often found that such evidence was insufficiently relevant or probative when it was not "central to the defendant's claim of innocence."    <u>United States v. Ramsey</u>, No. 21-CR-495 (ARR), 2023 WL 2523193, at *6 (E.D.N.Y. Mar. 15, 2023) (precluding evidence of the government's charging decision with respect to a cooperating witness); <u>United States v. Hill</u>, No. 12-CR-214 (KAM), 2014 WL 198813, at *1-2 (E.D.N.Y. Jan. 14, 2014) (excluding evidence of Kings County prosecutor's decision not to charge defendant under Rule 403).

Here, the fact that the government is pursuing a prosecution of the defendant for his possession of one live cartridge—as opposed to, for example, resolving the case otherwise—is entirely irrelevant to the questions to be decided by the jury.    <u>See</u> Fed. R. Evid. 401(b). Beyond being irrelevant, such argument carries a significant risk of misleading and confusing the jury, shifting their attention to the policy decisions behind precluding felons from possessing ammunition and the holistic charging decisions of the U.S. Attorney's Office.    <u>See</u> Fed. R.

16

Evid. 403.    In a case such as this, the only purpose for invoking such argument would be an "attempt[] to serenade [the] jury with the siren song of nullification," <u>United States v. Sepulveda</u>, 15 F.3d 1161, 1190 (1st Cir. 1993), which the court has a duty to prevent, <u>United States v. Thomas</u>, 116 F.3d 606, 616 (2d Cir. 1997).

   Thus, the Court should preclude the defendant from offering evidence or argument concerning the government's charging decisions, including its decision to pursue a prosecution for the defendant's possession of one live cartridge.

CONCLUSION

For the reasons set forth above, the government respectfully submits that the

Court should grant the Government's Motion in its entirety and deny the Defendant's Motion.

Dated: Brooklyn, New York
       August 6, 2025

                                        Respectfully submitted,

                                        JOSEPH NOCELLA, JR.
                                        United States Attorney
                                        Eastern District of New York

                                        _Tara McGrath_
                                        Tara B. McGrath
                                        Assistant U.S. Attorney
                                        (718) 254-6454

cc:    Clerk of the Court (DC) (by ECF)
       Defense counsel (by ECF)

18